O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MALINDA O. WOODARD,<br><br>           Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK, N.A., successor by merger with Wachovia Mortgage FSB formerly known as World Savings Bank, FSB; "ALL PERSONS OR ENTITIES UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THIS COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO; and DOES 1–25, inclusive,<br><br>           Defendants. | Case No. 5:14-cv-01017-ODW(SHx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12] AND GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS [8]** |

## I.  INTRODUCTION

      This run-of-the-mill wrongful foreclosure action was removed to this Court based on diversity jurisdiction.  Before the Court are two Motions: a Motion to Remand filed by Plaintiff Malinda Woodard (ECF No. 12), and a Motion to Dismiss

filed by Defendant Wells Fargo Bank, N.A. (ECF No. 8). For the reasons discussed below, the Court **DENIES** Woodard's Motion to Remand and **GRANTS** Wells Fargo's Motion to Dismiss **WITHOUT LEAVE TO AMEND**.[1]

## II. FACTUAL BACKGROUND

Woodard initiated this action on April 10, 2014, in San Bernardino County Superior Court. (Not. of Removal 2:13–19.) Woodard brings five claims for (1) quiet title; (2) wrongful foreclosure; (3) quasi-contract; (4) violation of California Business and Professions Code section 17200 ("UCL"); and (5) violation of California's Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code § 2824.17. (*Id.* at Ex. A.) Defendant Wells Fargo Bank, N.A. removed the action to district court on May 21, 2014 on the basis of diversity jurisdiction. (ECF No. 1.)

The allegations in the Complaint arise out of a home loan that Woodard obtained from World Savings Bank, FSB[2] for $756,000. The loan was secured by real property located at 12237 Richfield Drive, Rancho Cucamonga, California 91739 ("the Property"). (Compl. ¶ 3, Att. C–D.) The thrust of Woodard's allegations appear to be that the Promissory Note and Deed of Trust associated with the loan were improperly transferred and that the transfers were never properly recorded. According to the Complaint, Wells Fargo and any other entity attempting to foreclose on her property lacks the authority to do so based on the improper transfers and failure to record. But nowhere in the Complaint does Woodard allege that she has repaid the loan in full.

Wells Fargo filed the Motion to Dismiss on May 28, 2014. (ECF No. 8.) Woodard timely opposed and also filed a Motion to Remand. (ECF Nos. 12, 13.) The Court addresses the Motion to Remand first since it concerns the Court's subject-matter jurisdiction over the case. The Court then turns to the Motion to Dismiss.

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] World Savings changed its name to Wachovia Mortgage, FSB in 2007. (RJN Ex. C.) Wachovia Mortgage then merged with Wells Fargo in 2009. (*Id.*)

2

### III. MOTION TO REMAND

In the Motion to Remand, Woodard argues that this Court lacks subject-matter jurisdiction because her claims do not involve a federal question and the requirements for diversity jurisdiction are not met. Wells Fargo does not dispute the lack of federal-question jurisdiction. But Wells Fargo contends that it has established the requirements for diversity jurisdiction on removal.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006)

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

In this case, it is clear that this Court has subject-matter jurisdiction based on diversity. Woodard contends that the requirement of complete diversity is not met. because the "Unknown Defendants are unknown as well as their whereabouts." (Mot. to Remand 6.) Woodard also argues that the amount in controversy is not satisfied because Wells Fargo, in filing the Motion to Dismiss, disputes the $1,500,000 that

Woodard seeks in the Complaint. (*Id.* at 8.) Both of these arguments fail based on well-established principles of law.[3] *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."); *Gaus*, 980 F.2d 564, 566 (9th Cir. 1992) (holding that the amount in controversy "is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

The Court finds that complete diversity exists because the parties do not dispute that Woodard is a citizen of California and Wells Fargo, a national bank association, is a citizen of South Dakota. The amount in controversy exceeds $75,000 as evidenced by Woodard's prayer for relief of $1,500,000 in the Complaint. (Compl. 19:18–21.) Accordingly, the Court **DENIES** Woodard's Motion to Remand. (ECF No. 13.)

### IV.   MOTION TO DISMISS

Wells Fargo moves to dismiss on the basis that Woodard lacks standing to challenge the validity of any transfers of the Promissory Note and Deed of Trust. Furthermore, allegations that Wells Fargo, and other entities, failed to record certain loan instruments do not give rise to any of Woodard's claims.[4] Woodard filed an Opposition but failed to address any of Wells Fargo's substantive arguments.[5]

---

[3] These arguments are so clearly erroneous that the Court finds that counsel for Woodard skirts the line of violating Federal Rule of Civil Procedure 11. Woodard's counsel is also advised to avoid citing the California Code of Civil Procedure in federal court. Moreover, the Central District of California is located within the Ninth Circuit, so reliance on Eleventh Circuit case law for basic jurisdictional principles is also misguided and should be avoided in the future.

[4] The Court **GRANTS** Wells Fargo's Request for Judicial Notice to the extent it relies on the documents attached because the documents are either referenced in the Complaint or are recorded instruments central to the claims. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Branch v. Tunnell*, 14 F.3d 499, 453–54 (9th Cir. 1994). Woodard's Motion to Strike the Request for Judicial Notice is **DENIED** because it is inexplicably based on California Code of Civil Procedure section 446 pertaining to verified pleadings. (ECF No. 14.)

[5] Woodard's Opposition includes a recitation of rules for quiet-title actions but fails to address Wells Fargo's specific arguments or any of the four other claims. Woodard also moves to strike the Motion to Dismiss based on California Code of Civil Procedure section 446, which the Court **DENIES**. (ECF No. 13.)

## A. Legal Standard

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## B. Quiet Title, Wrongful Foreclosure, and Quasi-Contract Claims

Woodard's quiet title, wrongful foreclosure, and quasi-contract claims are all based on similar allegations and, as Wells Fargo points out, fail for similar reasons.

1  Woodard's quiet-title allegations are that "there is no holder of any valid [Deed
2  of Trust] whatsoever," and none of the parties claiming to hold or possess any Deed of
3  Trust can establish their entitlement to it.  According to Woodard, this means that her
4  title to the Property should be free and clear of any securitization instrument. (Compl.
5  ¶¶ 3–7.)  But Woodard fails to allege that she has satisfied her debt, which precludes
6  her from bringing a quiet-title claim.  *Yvanova v. New Century Morg. Corp.*, 226 Cal.
7  App. 4th 495, 500 (2014).  Moreover, Woodard's claim fails as a matter of law
8  because any transfer of a promissory note and deed of trust and subsequent
9  securitization of the note cannot be challenged by the borrower.  *Id.* at 501.  Simply
10 put, she lacks standing to bring a quiet-title claim based on the allegations in the
11 Complaint.

12 The wrongful-foreclosure claim is based on Woodard's allegations that none of
13 the Defendants possess the Promissory Note associated with her loan.  Also, Woodard
14 alleges that anyone entitled to payment under the Deed of Trust must be a recorded
15 beneficiary in the public chain of title.  But Woodard alleges that Defendants are not
16 recorded beneficiaries, so they do not have the power to foreclose on the Property.
17 (Compl. ¶¶ 9–15.)  Like the quiet-title claim, the wrongful-foreclosure claim fails
18 because Woodard does not have standing to challenge the transfer of the Promissory
19 Note or Deed of Trust.  *Yvanova*, 225 Cal. App. 4th at 501; *see also Jenkins v. JP*
20 *Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013) ("[T]he true victim may
21 be an individual or entity that believes it has a beneficial interest in the promissory
22 note and may suffer the unauthorized loss of its interest in the note.").  Moreover,
23 there is no recordation requirement for deeds of trust—only loans secured by
24 mortgages require the beneficiary to record.  *See Calvo v. HSBC Bank USA, N.A.*, 199
25 Cal. App. 4th 118, 122 (2011).

26 Woodard's quasi-contract claim also relies on Wells Fargo's alleged lack of
27 authority to collect on the debt.  According to Woodard, her obligations were to World
28 Savings and that World Savings received the balance on the Promissory Note after it

1 allegedly sold the Promissory Note and Deed of Trust to another entity. (Compl.
2 ¶¶ 20–22.) To the extent this claim relates to World Savings' name change to
3 Wachovia Mortgage and subsequent merger with Wells Fargo, the claim fails because
4 any contract rights were unaffected. *See Maudlin v. Pac. Decision Scis. Corp.*, 137
5 Cal. App. 4th 1001, 1009–10 (2006). Furthermore, any transfer of the Promissory
6 Note and Deed of Trust had no effect on Woodard—her obligations remained
7 unchanged. *Jenkins*, 216 Cal. App. 4th at 515 (holding that a promissory note is a
8 negotiable instrument and "a borrower must anticipate that it can and might be
9 transferred to another creditor"). Woodard's debt was not discharged by the transfer,
10 but rather transferred to another creditor.

Overall, the Court finds that Woodard's quiet-title, wrongful-foreclosure, and quasi-contract claims all fail as a matter of law. Therefore, the Court **GRANTS** Wells Fargo's Motion to Dismiss on these claims **WITHOUT LEAVE TO AMEND**.

**C.     UCL Claim**

Wells Fargo argues that Woodard's UCL claim is predicated on her quiet-title, wrongful-foreclosure, and quasi-contract claims. Since all three claims are defective, Wells Fargo contends that Woodard's UCL claim should also be dismissed. The Court agrees. *See Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law."). Moreover, as Wells Fargo points out, Woodard's UCL claim also fails because she has not alleged any economic injury as a result of the invalidity of any of the transfers or assignments of the Promissory Note and Deed of Trust. *See Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 322 (2011) (explaining that Proposition 64 requires economic injury caused by the alleged unfair business practice). Any injury suffered by Woodard was a result of her failure to pay the loan. Accordingly, the Court **GRANTS** Wells Fargo's Motion to Dismiss on the UCL claim **WITHOUT LEAVE TO AMEND**.

/ / /

### D. Homeowner Bill of Rights Claim

Woodard also challenges Wells Fargo's legal authority to foreclose on the Property under her HBOR claim. (Compl. ¶¶ 40–41.) In addition, she alleges that Defendants failed to provide "competent and relevant documentation to support recorded documentation." (*Id.* ¶ 41.) But neither allegation states a claim under California Civil Code section 2924.17. Like her quiet-title, wrongful-foreclosure, and quasi-contract claims, Woodard lacks standing to challenge to Wells Fargo's legal authority to foreclose based on the transfers of the Promissory Note and Deed of Trust. Only a party who claims a beneficial interest in either the Promissory Note and Deed of Trust can challenge the transfers and Wells Fargo's authority to foreclose. Moreover, section 2924.17 does not require Wells Fargo to *provide* competent and relevant documentation, but only that Wells Fargo *review* competent and reliable evidence to substantiate a borrower's default. Thus, a failure to provide documentation at the time that default was recorded does not give rise to an HBOR violation. Thus, the Court also **GRANTS** Wells Fargo's Motion to Dismiss the HBOR claim **WITHOUT LEAVE TO AMEND**.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Remand. (ECF No. 12.) The Court **GRANTS** Defendant Wells Fargo's Motion to Dismiss in its entirety **WITHOUT LEAVE TO AMEND**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

July 16, 2014

_____
        **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**