O

# United States District Court
# Central District of California

| | |
|---|---|
| MALINDA O. WOODARD,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., successor by merger with Wachovia Mortgage FSB formerly known as World Savings Bank, FSB; "ALL PERSONS OR ENTITIES UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THIS COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO; DOES 1–25, inclusive,<br><br>Defendants. | Case No. 5:14-cv-01017-ODW(SHx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE OR VACATE JUDGMENT OF DISMISSAL WITH PREJUDICE [23]** |

## I.    INTRODUCTION

Nearly everyone has heard the popular adage that "if at first you don't succeed, try, try again."  But every licensed attorney should know that when it comes to court orders and particularly judgments, this proverb does not apply.  Before the Court is

1   Plaintiff Malinda Woodard's Motion to Set Aside or Vacate Judgment of Dismissal.

2   (ECF No. 23.)   The Motion merely rehashes the meritless arguments made in

3   Woodard's unsuccessful Motion to Remand and Opposition to Defendant Wells Fargo

4   Bank, N.A.'s Motion to Dismiss.   For the reasons discussed below, the Court

5   **DENIES** Woodard's Motion to Set Aside or Vacate Judgment (ECF No. 23) and

6   **ORDERS** Woodard's counsel Laleh Ensafi **TO SHOW CAUSE** why she should not

7   be sanctioned for violating Federal Rule of Civil Procedure 11(b).[1]

8                                **II.   FACTUAL BACKGROUND**

9           This is a run-of-the-mill wrongful foreclosure case that was removed from state

10   court on the basis of diversity jurisdiction.   (*See* ECF No. 1.)   After the action was

11   removed, Wells Fargo moved to dismiss the case in its entirety.   (ECF No. 8.)

12   Woodard timely opposed the Motion to Dismiss and also brought a Motion to

13   Remand. (ECF Nos. 12, 13.)   On July 16, 2014, this Court issued an Order Denying

14   Plaintiff's Motion to Remand and Granting Defendant Wells Fargo's Motion to

15   Dismiss Without Leave to Amend.   (ECF No. 20.)   A separate judgment was issued

16   two weeks later.  (ECF No. 22.)

17          In the July 16, 2014 Order, the Court explained in no uncertain terms that the

18   grounds for Woodard's Motion to Remand failed based on well-established legal

19   principles.  (*See* ECF No. 20 at 3–4.)   The Court even suggested in a footnote that

20   Woodard's counsel had "skirt[ed] the line of violating Federal Rule of Civil Procedure

21   11." (*Id.* at 4 n.3.)

22          Woodard filed the instant Motion to Set Aside or Vacate Judgment on

23   September 8, 2014.  (ECF No. 23.)   Wells Fargo timely opposed.  (ECF No. 25.)

24   Woodard did not file any reply papers.

25   / / /

26   / / /

27

28   [1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court
deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a party to seek reconsideration of a final judgment or court order.   The Central District of California Local Rules elucidate the proper bases for which a party may seek reconsideration:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.   Additionally, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

### IV.   DISCUSSION

In the Motion, Woodard seeks to set aside or vacate the Court's dismissal with prejudice under Rule 60(b)(4), arguing that the Court's judgment is void for lack of subject-matter jurisdiction.   Woodard goes on to rehash arguments previously made in the Motion to Remand about subject-matter jurisdiction.

If this Court did lack subject-matter jurisdiction, relief from judgment under Rule 60(b)(4) would be appropriate.   *See Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990).   But the Court has already considered its subject-matter jurisdiction when denying Woodard's Motion to Remand (*See* ECF No. 20), and Woodard has failed to articulate a basis under Local Rule 7-18 for reconsideration of that decision.   Subject-matter jurisdiction in this case is based on diversity under 28 U.S.C. § 1332.   Woodard is a citizen of California.   Wells Fargo, as a national banking association, is a citizen of South Dakota.   (Not. of Removal 2:20–3:5.)   The amount in controversy is satisfied by the $1,500,000 prayer for relief in the Complaint.   (Compl. 19:18–21.)

1      Based on the above, the Court need not delve any deeper into Woodard's

2   Motion.  However, the Court finds that the Motion likely runs afoul of Federal Rule of

3   Civil Procedure 11(b), which mandates that all representations to the Court have a

4   proper purpose, be nonfrivolous, and be supported by the evidence or a lack thereof.

5   Accordingly, the Court briefly addresses the obvious errors in Woodard's arguments

6   regarding subject-matter jurisdiction in the Motion.

7      Woodard attempts to dispel the Court's subject-matter jurisdiction by arguing

8   that the Complaint contains no federal claims and referencing sections of the

9   California Code of Civil Procedure.  (*See* Mot. 7–9.)  This is familiar territory for the

10   Court since identical arguments were made in the Motion to Remand.  But this is not a

11   federal-question case.  Wells Fargo has never argued that subject-matter jurisdiction is

12   based on the Complaint giving rise to a federal question.  This Court's jurisdiction is

13   conferred under 28 U.S.C. § 1332, not § 1331.  Moreover, the jurisdictional rules of

14   California state court are irrelevant and inapplicable.  Woodard's argument that the

15   Court should have declined to exercise supplemental jurisdiction likewise fails since

16   the Court did not exercise supplemental jurisdiction over any of the claims.

17      Woodard also argues that the Court lacks subject-matter jurisdiction under

18   Federal Rule of Civil Procedure 19 and Local Rule 19-1. Rule 19 concerns the joinder

19   of parties and Local Rule 19-1 limits the number of fictitious defendants in a

20   Complaint to ten.   Neither rule has any effect on the Court's subject-matter

21   jurisdiction in the case.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil

22   action is removable on the basis of [diversity jurisdiction], the citizenship of

23   defendants sued under fictitious names shall be disregarded.")

24      The Court advised Woodard's counsel of these basic principles of law in

25   denying the Motion to Remand, and even questioned compliance with Rule 11(b) at

26   that time.  (*See* ECF No. 20 at 4 n.3.)  Yet, the same arguments reappeared in the

27   present Motion, and it appears that no attempt was made to research the law cited in

28   the July 16, 2014 Order before raising the same arguments in this Motion.  This is

1   unacceptable, especially since these are foundational legal principles that every first-
2   year law student is taught.   Since Woodard's counsel, Laleh Ensafi, was already
3   warned about the requirements of Rule 11(b), the Court finds that consideration of
4   sanctions is appropriate.  *See* Fed. R. Civ. P. 11(c); L.R. 83-7.

### V.   CONCLUSION

6       For the reasons discussed above, Woodard's Motion to Set Aside or Vacate
7   Judgment of Dismissal With Prejudice is **DENIED**.  (ECF No. 23.)
8       The Court further **ORDERS** Woodard's attorney, Laleh Ensafi (SBN 268917),
9   **TO SHOW CAUSE**, in writing, **no later than Wednesday, October 15, 2014**, why
10  the Court should not sanction her for violating Rule 11(b).  No hearing will be held.
11  A proper response to this Order to Show Cause will include the efforts Ensafi made to
12  research and draft the Motion to Set Aside and Vacate Judgment.  Sanctions the Court
13  is considering will be levied against Ensafi, and not her client, as required by law.  *See*
14  Rule 11(c)(5)(A).

15      **IT IS SO ORDERED.**

17      October 8, 2014

19      _____
20      **OTIS D. WRIGHT, II**
        **UNITED STATES DISTRICT JUDGE**