O

# United States District Court
# Central District of California

| | |
|---|---|
| MALINDA O. WOODARD,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 5:14-cv-01017-ODW(SHx)<br><br>**ORDER SANCTIONING ATTORNEY LALEH ENSAFI FOR VIOLATING RULE 11(b)(2)** |

On October 8, 2014, this Court denied Plaintiff Malinda O. Woodard's Motion to Set Aside or Vacate Judgment. (ECF No. 27.) In the same Order, the Court ordered Plaintiff's attorney Laleh Ensafi to show cause why the Motion did not violate Federal Rule of Civil Procedure 11(b). (*Id.*) Ensafi responded to the Order to Show Cause on October 15, 2014. (ECF No. 28.) The Court finds Ensafi's Response unsatisfactory.

The Motion to Set Aside or Vacate Judgment was deficient on numerous grounds. Not only did the Motion repeat arguments from Plaintiff's failed Motion to Remand in violation of Local Rule 7-18, but the arguments themselves raise serious questions about Ensafi's understanding of basic, well-settled legal principles. The Court discusses Ensafi's arguments in detail in its October 8, 2014 Order Denying Plaintiff's Motion to Set Aside or Vacate Judgment of Dismissal With Prejudice, and incorporates its findings and analysis here. (ECF No. 27.)

In her Response to the Order to Show Cause, Ensafi contends that filing the Motion to Set Aside or Vacate Judgment was an attempt to conserve judicial resources or avoid duplicative proceedings. But Ensafi fails to adequately explain how the Motion, which only rehashed the erroneous arguments from Plaintiff's Motion to Remand, would conserve judicial resources or avoid duplicative proceedings.[1] Ensafi also reiterates her misplaced understanding of federal subject-matter jurisdiction. The Court is particularly troubled by Ensafi's conduct in this case because of the nature of the action and the perceived vulnerability of Plaintiff. Nothing in Ensafi's Response assuaged the Court of its concerns regarding the violation of Rule 11(b).

For the reasons discussed above, the Court finds that Ensafi violated Rule 11(b)(2), which requires that all "claims, defenses, and other legal contentions [be] warranted by existing law . . . ." The Court **SANCTIONS** attorney Laleh Ensafi in the amount of **$1,000.00** to be paid to the Clerk of Court **within 14 days** from the date of this Order. This sanction is levied against Ensafi and not her client. *See* Fed. R. Civ. P. 11(c)(5)(A). Ensafi is advised to review the basic principles of federal subject-matter jurisdiction before appearing in federal court in the future.

**IT IS SO ORDERED.**

October 16, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[1] Ensafi makes reference to "re-filing a similar case in State Court," but the fails to comprehend the statement's meaning since the Court has already dismissed Plaintiff's claims *with prejudice*.